IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

───────────────────────────────────────────────

UNITED STATES OF AMERICA,

                                                        **DECISION AND ORDER**

v.

                                                        09-CR-371-RJA-JJM-2

JOSE NUNEZ,
                       Defendant.

───────────────────────────────────────────────

This case was referred to me by Hon. Richard J. Arcara for supervision of all pretrial proceedings [6].[1] Before me are defendant's motions for a bill of particulars and audibility hearing. Greenman Declaration [7], ¶¶12-19, 101-102.[2] For the following reasons, I order that defendant's motions for a bill of particulars and for an audibility hearing be denied.

**BACKGROUND**

Defendant and co-defendant Luis Angel Lebron Acevedo are charged in a two-count indictment with possessing heroin with intent to distribute, in violation of 21 U.S.C. §§841(a)(1), 841(b)(1)(C), and 18 U.S.C §2, and with conspiring to possess heroin with intent to distribute, in violation of 21 U.S.C. §846, on or about January 6, 2009 [1].

---

    [1]      Bracketed references are to CM-ECF docket entries.

    [2]      Defendant has advised the court that all other aspects of his pretrial motion ([7]) are moot.

# ANALYSIS

## A.     Defendant's Motion for an Audibility Hearing

Defendant requests that an audibility hearing be conducted "to determine whether any recordings that the government seeks to introduce at his trial are audible." Greenman Declaration [7], ¶101. The government responds that "to the extent that the parties cannot reach an agreement as to the recording's contents, the government will consent to a hearing prior to trial." Government's Response [8], p.17.

Since the parties have not identified any recordings in dispute, it is unnecessary and premature for me to conduct an audibility hearing at this time. *See* United States v. Colombo, 2006 WL 2012511, *14 (S.D.N.Y.2006). Therefore, this aspect of defendant's motion is denied, without prejudice to renewal at a later date.

## B.     Defendant's Motion for a Bill of Particulars

Defendant seeks various particularization, including the identities of the unindicted co-conspirators, the date, time and location where the conspiracy was formed, how defendant is alleged to have conspired to possess heroin with intent to distribute, all uncharged acts allegedly taken by the co-conspirators, the alleged quantities of heroin defendant conspired to possess with intent to distribute, witnesses to any of the alleged substantive or overt acts that occurred, when each co-conspirator is alleged to have joined the conspiracy, and defendant's alleged role in the conspiracy. Greenman Declaration [7], ¶18. He argues that this information is necessary because of the indictment does not list any overt acts allegedly committed in furtherance of the conspiracy and that from the discovery provided, "there is no information . . .

which provides any information or evidence linking [him] to a conspiracy to possess with intent to distribute marijuana in any amount." Id., ¶13.[3] The government opposes defendant's motion, arguing that it "fails to advance any facts to show how further particularization would help prepare their defense" and that defendant has been provided with discovery, including DEA arrest reports that "specify the details of the facts leading up to the arrest." Government's Response [8], pp.3-4.

The circumstances warranting a bill of particulars are limited. A defendant may obtain a bill of particulars only if the requested information is necessary "(i) to enable him to prepare his defense; (ii) to avoid unfair surprise at trial; and (iii) to preclude a second prosecution for the same offense." United States. v. Persico, 621 F. Supp. 842, 868 (S.D.N.Y. 1985). "In deciding a motion for a bill of particulars, '[t]he important question is whether the information sought is necessary, not whether it is helpful.'" United States v. Conley, 2002 WL 252766, *4 (S.D.N.Y. 2002). A bill of particulars "should not function to disclose evidence, witnesses, and legal theories to be offered by the Government at trial or as a general investigative tool for the defense". United States v. Henry, 861 F. Supp. 1190, 1197 (S.D.N.Y. 1994).

"[B]efore a court will order the Government to provide a bill of particulars, the defendant must make a 'particularized showing of need' for the information." United States v. Gonzalez, 1994 WL 689065, *2 (S.D.N.Y. 1994). The court "has the discretion to deny a bill of particulars if the information sought by defendant is provided in the indictment or in some acceptable alternate form." United States v. Barnes, 158 F.3d 662, 665 (2d Cir. 1998). "Whether

---

[3] I assume that defendant's reference to marijuana was intended be heroin.

to grant a bill of particulars rests within the sound discretion of the district court." United States v. Panza, 750 F. 2d 1141, 1148 (2d Cir. 1984).

Generally, "a bill of particulars or other adequate disclosure is appropriate where a conspiracy count covers a complex series of events over a number of years, but provides only the bare bones of the charge". Barnes, 158 F.3d at 666. Although the indictment only provides the "bare bones" of the alleged conspiracy, it is not alleged to be an expansive conspiracy, occurring "[o]n or about January 6, 2009, in the Western District of New York, and elsewhere". Indictment [1]. Coupled with the limited scope of the alleged conspiracy, the government represents that the details of its investigation have been provided to defendant in the DEA arrest reports.

Although the particularization sought may be helpful to defendant, "[a]s a general rule, the defendant does not 'need' detailed evidence about the conspiracy in order to prepare for trial properly. It is well settled that defendants need not know the means by which it is claimed they performed acts in furtherance of the conspiracy nor the evidence which the Government intends to adduce to prove their criminal acts." United States v. Feola, 651 F.Supp. 1068, 1132 (S.D.N.Y.1987), aff'd, 875 F.2d 857 (2d Cir.), cert. denied, 493 U.S. 834 (1989). Thus, "the government need not specify when a particular defendant joined the conspiracy, nor is it required to specify what role each defendant played in the conspiracy. . . . Similarly, to the extent that defendants seek a description of the particular acts for which he or she is being held responsible, or a listing of the acts of which each defendant had knowledge, the case law is clear that the government is not required to provide the information." United States v. James, 2007 WL 914242, *26 (E.D.N.Y.2007); United States v. Chen, 2007 WL 2244213, *10 (S.D.N.Y.2007)

("The Second Circuit . . . ha[s] routinely denied requests for Bills of Particulars concerning the 'wheres, whens, and with whoms' of the crime charged"). "Additionally, as the government can prove the existence of a conspiracy through circumstantial evidence, a Bill of Particulars comprised of very specific details is not required for a drug trafficking conspiracy charge." United States v. Mullen, 243 F.R.D. 54, 62 (W.D.N.Y.2006) (Foschio, M.J.). Therefore, I conclude that defendant has not established his entitlement to a bill of particulars.

## CONCLUSION

For these reasons, I order that defendant's motions for a bill of particulars (Greenman declaration [7], ¶¶12-19) and for an audibility hearing (id., ¶¶101-102) be denied.

Dated: February 9, 2012

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge